HENRY MERRITT *v.* CHARLES F. HOZEY, late Sheriff, and others.

No appeal will lie from an action instituted against several defendants on an instrument by which they are bound severally, as sureties, for a fixed sum, where the amount claimed from each is under three hundred dollars, though the whole claim exceed that sum. The defendants cannot give jurisdiction by joining in one appeal, where they would have no right to be heard separately.

APPEALS from the Parish Court of New Orleans, *Maurian*, J.

*Vason*, for the plaintiff.

*Lockett* and *Micou*, for the appellants.

GARLAND, J. This suit is brought to recover from the late Sheriff of the Parish of Orleans, and his sureties, $600 with interest and costs. There are eight sureties on the bond, all of whom are joined in this action, each of them being severally bound for a fixed sum ; and judgment is prayed for against the principal for the whole amount, and against each of the sureties, for such amounts as will be in proportion to the respective sums for which each has bound himself in the bond. Judgment was rendered against four of the sureties, each for the sum of $93 33⅓ with interest ; and against four others, each for the sum of $81 66⅔, with interest. From this judgment or judgments, (they are all in one,) four of the sureties appealed in one petition, and gave bond and security in the sum of $1,000, for which they are jointly bound, and the surety bound generally for all. L. L. Ferriere,

another surety, took a separate appeal, and gave bond for $120; and Walton also appealed by a separate petition, and gave bond for .$1000.

The appellee moves to dismiss the appeal, for want of jurisdiction, as the amount claimed of each surety, does not exceed three hundred dollars.

We are of opinion that the appeals must be dismissed. The sum claimed of each of the defendants is less than $300; and they cannot, by joining in one appeal, give the court jurisdiction, when they have separately no right to be heard. In 5 Mart. N. S. 87, the court said : "The attempt made by this mode of proceeding to obtain a review of these judgments, and to have their nullity established, is an attempt to have that done indirectly, which the law will not permit to be done directly. We are of opinion that we cannot, in this way, take cognizance of cases of which the constitution and the law have denied us jurisdiction."

The appellants contend, that as the plaintiff has joined them in the same suit, he has himself made a case, which authorizes them to appeal. We are of a different opinion. If a separate suit had been instituted against each appellant, claiming only the sum of $93$\frac{1}{3}$, it is very clear no one of them would have been entitled to an appeal; and we do not see that the joining of them in one suit makes any difference as to their rights. If they thought their rights endangered by being all joined in the same suit, the apppellants ought to have objected in the inferior court, and not have reserved their objections for this tribunal.

*Appeals dismissed.**

*Micou,* for a re-hearing : The case cited by the court from 5 Mart. N. S. 87, differs *toto cœlo* from this case. In the case cited there were *three* distinct claims of *three* different *plaintiffs* on *separate* contracts, and having *separate* judgments in separate suits. There was no point of union between them, except that the defendant in all was the same.

In the case now before the court, the sum demanded by the plaintiff is a. single sum of $600. His claim grows out of a single default of the Sheriff, and he seeks indemnity from the defendants, in the *same suit,* by reason of their having signed the *same bond.*

Is not this a civil cause? Does not the amount involved exceed $300? If so, this court must entertain the appeal.

Where the sum demanded is over the amount fixed in the constitution, we believe it has never been held, to be below the jurisdiction of the court, if claimed in the same right, and upon the same contract, although there may have been several defendants. Even where two distinct demands, against different defendants, were consolidated by consent, the appeal was allowed. *Baillio* v. *Prudhomme*, 8 Mart. N. S. 338.

If a suit was brought upon a promissory note for $600 given by A. B. deceased, against his heirs, eight in number, who have accepted the succession and enjoy it equally, would the court dismiss their appeal because in paying, each heir would have to contribute less than $300?

If, on the other hand, in the case supposed, the judgment were for the defendants, would the court refuse to the plaintiff the right of appeal?

And if the plaintiff in such suit could appeal, would the right be refused to the defendants? And so in the case of particular partnerships, and joint contracts in general.

We believe the test of the right of appeal is not, how many defendants, or how many plaintiffs, there are in a cause, but whether the *amount in dispute*, claimed in the same right, exceeds the sum fixed by the constitution.

Suppose six heirs inherit a note of $600, and bring suit upon it. They in effect claim $100 each. It cannot be maintained that the right of appeal would not exist.

But the decision of the court is based upon the assumption, that no more than the proportionate share of each surety was demanded of each of these defendants, and that the judgment was rendered against each for a distinct amount.

Now it is perfectly well settled, that the right of appeal results, not from the amount of the judgment, but the amount of the claim; so that we may lay aside any further reference to the judgment.

The petition alleges, that the defendants all became sureties in the same bond, though each for a separate amount, and that their liability is in proportion to the amounts by them subscribed.

Judgment is demanded against them jointly, and in proportion &c., and there is a prayer of general relief.

Now suppose the Judge of the court below had condemned each of these sureties to pay the whole debt, would this court have reversed its judgment, being satisfied that the case was one in which the responsibility of sureties had attached?

To answer this question, we would not presume to refer to higher authority than the bench which has pronounced this decision.

The *charge of liability* and the *prayer for relief* in the two cases of E. Gardere against the same sureties, (2 Robinson, 568, 570,) and of Dougherty and another against the same sureties, (2 Ib. 534,) were *verbatim* the same; and

Merritt v. Hozey, late Sheriff, and others.

this court first decreed that the sureties were liable upon *that bond* and in *that form of suit, in solido;* and after a petition for re-hearing, that they were liable, *severally*, each for the *whole* amount of the plaintiff's claim.

The court cannot have forgotten how assiduously the counsel labored to induce the court to render a joint judgment, or a judgment against *each for his share*, but without success; and the decree was finally rendered in all of the three cases named against each surety for the whole amount.

It would be, to say the least of it, very unfortunate, if this is to be the rule operating against us in large cases, and we are to be deprived of its benefit in small ones.

The suit of Gardere against Hozey's sureties, was the first one instituted in the courts below. The liability was there alleged to be *joint* and *in proportion* &c., and the prayer was to the same effect.

This was adopted as the model of all the suits instituted upon the sheriff's bond, except the single case of Corlis in the District Court.

The records in the cases of Hall and others, (2 Robinson, 479,) Merchants Bank of New Orleans, (2 Ib. 214,) Peckslay, (2 Ib. 479,) Johnson and another, (2 Ib. 555,) and it is believed of Seip, (2 Ib. 567,) all against the same defendants, will show the same allegations and prayer.

In fact, the counsel were doubtful what was the nature of the responsibility, and in alleging it to be joint, and praying for general relief, they intended to leave it to the court to decide how the sureties were liable, and expected a judgment in conformity with the opinion of the court, whatever that might be.

The court has decided in the case of *Leverich* v. *Waldon*, where the petition claimed 5 per cent, that a judgment for 10 per cent interest, would be sustained under the prayer for general relief.

The prayer in this case was for judgment against the sureties in *proportion to their respective liability*. If the court be of opinion, that the liability of each is for the whole claim, is it not obvious that a judgment against each for the whole, is a judgment in *proportion to their respective* liability? If there was any doubt of this, can there be a doubt that the court would be competent to render such judgment, under the prayer for general relief? The plaintiff did not intend to release the defendants from any portion of their liability, but prayed judgment of the court, how far that liability extended.

The court must necessarily perceive from the record, that this suit is for a default of the sheriff, after the appellants had ceased to be his sureties, and consequently, that they have been condemned to pay a sum of money, which they do not owe. If any new and more limited restrictions upon the right of appeal are to be imposed, it is respectfully submitted that they should be introduced in cases, in which the rights of the parties were, at least, doubtful; and that justice and the decisions of this court in other cases, require a review of the present decision.

*Re-hearing refused.*